IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAUREAN XAVIER PROCH,
    Plaintiff,

vs.                                        Case No.: 3:08cv484/MCR/EMT

ROBERT R. DeROCHE,
    Defendant.
_____/

**ORDER, REPORT AND RECOMMENDATION**

    Plaintiff Taurean Xavier Proch ("Proch"), a prisoner proceeding pro se and in forma pauperis, filed this action under 42 U.S.C. § 1983 (*see* Doc. 6).[1] The matter is now before the court on the motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Robert A. DeRoche ("DeRoche") (Doc. 33). For the reasons stated below, the court recommends that DeRoche's motion be denied.[2]

**Background**

    In his amended complaint (Doc. 12), Proch names DeRoche, a police officer in the Crestview Police Department, Crestview, Florida, as the sole Defendant (*id.* at 1–2). Proch alleges the

---

    [1] Plaintiff has now paid the $350.00 filing fee in full (*see* payments at Doc. 7 ($8.00) and Doc. 26 ($342.00)). The court notes that Plaintiff initiated this action when he was incarcerated at the Okaloosa County Jail (*see* Doc. 1 at 2); subsequent to that incarceration, he apparently was out of custody briefly (*see* Doc. 12 at 2, Doc. 16). Currently, Plaintiff is in federal custody, incarcerated at the U.S. Penitentiary, Leavenworth, Kansas (Doc. 22).

    [2] The court twice directed Plaintiff to file a response (Docs. 34, 38), with no action from Plaintiff. It was not until February 28, 2011, that Plaintiff filed a motion for an enlargement of time in which to respond to the instant motion (Doc. 46). In light of the recommendation that the motion to dismissed be denied, the motion for additional time in which to respond to the motion shall be denied as moot. Plaintiff also moved for leave to amend the complaint (Doc. 39), then filed a second motion for leave to amend (Doc. 47), both of which motions the court has denied without prejudice (Doc. 49).

following facts in support of his claims.[3] On May 12, 2008, at approximately 1:00 p.m., DeRoche and another officer, Donna Collins ("Collins"), knocked on the door of Proch's Crestview apartment, where Proch resided with Dana McKinney ("McKinney"), his girlfriend at the time.[4] As McKinney opened the door, Proch—whose nickname is "Tray"—apparently stood nearby, in the interior of the apartment, where he could see and hear what was occurring at the door. When DeRoche asked McKinney if "Tray" were there, Proch approached the door, staying inside the apartment and not crossing the threshold of the doorway. As Proch lit a cigarette, Collins instructed him not to do so, and Proch complied with her order by extinguishing the cigarette. Immediately, DeRoche, with no explanation and in what Proch describes as "an overly aggressive tone," ordered Proch to turn around and place his hands behind his back (*id.* at 5). According to Proch, although DeRoche and Collins were dressed in what appeared to be genuine police uniforms, from his vantage point he could not see any marked patrol vehicles, which caused Proch to question the officers' "authenticity of authority" (*id.* at 6). Proch therefore did not turn and put his hands behind his back as commanded; rather, he turned around and placed his hands on the foyer wall just inside the apartment door in a "submissive position" (*id.*). Proch states that immediately upon placing his hands on the wall, DeRoche pushed the door fully open, slammed McKinney into the wall, unholstered a weapon, pointed the weapon at Proch, and screamed at Proch to put his hands behind his back.[5] Proch, with his hands still on the wall, stated, "'I'm in my own home and I've done nothing wrong. What's going on?'" (*id.*). At this point, as DeRoche, Collins, Proch, and McKinney were all standing within "the close confines of the foyer" (*id.*), Collins told DeRoche to cover her

---

[3] All facts are derived from the Statement of Facts section of Proch's amended complaint (Doc. 12 at 5 and continuation pages). The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Proch may have assigned. Additionally, because the court accepts as true the well-pleaded allegations of the amended complaint as true, "the facts" as set out in this Report may not prove to be the actual facts. Cottone v. Jenne, 326 F.3d 1352, 1355 & n.1 (11th Cir. 2003).

[4] Proch alleges he did not know why the officers had come to his door but that he determined later, after reviewing discovery provided by the State of Florida in criminal proceedings related to this incident, that the officers were responding to a neighbor's report of a verbal disturbance.

[5] Proch asserts he initially thought the weapon was a firearm but later discovered the weapon was an Advanced Taser M26.

while she handcuffed Proch. According to Proch, he "fully intended to comply" with the handcuffing, and he displayed no aggression toward the officers (*id.*). As Collins approached Proch to handcuff him, DeRoche deployed his taser, shooting Proch in the back.[6] Subsequent to the incident, Proch was charged with numerous offenses; he was incarcerated six months pending disposition of criminal charges, ultimately pleading no contest to trespass and resisting a law enforcement officer without violence.[7] After being sentenced to time served, he was released from confinement (*id.* at 8). Proch alleges in the amended complaint that he has been "haunted [ ] mentally, physically, emotionally, and financially" by DeRoche's unlawful deployment of the taser in May 2008 (*id.* at 7).[8] Alleging that DeRoche's actions violated the Fourth Amendment,[9] Proch seeks as relief an injunction as well as compensatory and punitive damages (*id.* at 9).

DeRoche moves for dismissal of the amended complaint on the ground it fails to plead sufficient factual grounds to state a claim upon which relief can be granted (Doc. 33 at 1). DeRoche submits that it was reasonable, within the meaning of the Fourth Amendment, for him to taser Proch under the circumstances of this case: he deployed the taser only one time and only after Proch twice

---

[6] Proch asserts that DeRoche's written version of the incident attests to the fact that Proch was not behaving in an aggressive manner when the taser was deployed. Furthermore, despite his acknowledgment that he did not comply with DeRoche's instruction to place his hands behind his back, Proch states that his actions, statements, and posture could not have been construed as active physical resistance or an attempt to escape.

[7] Proch states that he was charged with two counts of battery on a law enforcement officer, depriving a law enforcement officer with a means of defense, burglary of an occupied dwelling, escape, felony criminal mischief, misdemeanor criminal mischief, and resisting an officer without violence. He states that when he entered the no contest plea to trespass and resisting an officer without violence, the other state charges were dismissed after being nolle prossed.

[8] According to Proch, his skin became infected and he suffered permanent scarring where the taser probes made contact with his body. Additionally, Proch alleges that as a result of DeRoche's wrongful deployment of the taser he experienced mental harm (such as insomnia, depression, and recurring nightmares) which has required psychiatric attention and medication; embarrassment and humiliation; the loss of freedom while incarcerated; and the loss of his relationship with McKinney (Doc. 12 at 8).

[9] Proch also asserts the violation of "Florida's state statute which governs the use of dart-firing electronic weapons" (Doc. 12 at 9). Proch does not identify by citation the state statute to which he refers, and the court could not readily locate any such statute that might be relevant to this case. *See*, *e.g.,* Fla. Stat. § 985.645(2)(a)(6) (requiring adoption of rules that establish a protective action response policy for Department of Juvenile Justice that prohibit use of tasers on youths). Given the apparent nonexistence of the state statute on which Proch relies, DeRoche's failure in his motion to mount an attack on any state law claim, and the instant recommendation that this action survive dismissal for failure to state a claim for relief, the court does not consider any state law claim further in this Report.

refused to comply with his clear, lawful orders to put his hands behind his back.  DeRoche also claims his entitlement to qualified immunity in this case.  He argues that he was acting within the scope of his discretionary authority at the time of the incident.  Additionally, DeRoche argues that he did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known by deploying his taser:  arguable probable cause existed to arrest Proch who, when approached by law enforcement officers responding to a call reporting a verbal disturbance at Proch's residence, twice refused clear commands to place his hands behind his back.

**Legal Standards**

Section 1915(e)(2)(B)

Because Proch is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals for failure to state a claim to relief under § 1915(e)(2)(B)(ii) are considered under the same standard that governs dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  Davis v. Monroe County Bd. of Ed., 120 F.3d 1390, 1393 (11th Cir. 1997).  The pleadings of a plaintiff who proceeds pro se, such as Proch in this case, are held to a less stringent standard than is applied to pleadings prepared by an attorney, and they must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561–63, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

The Fourth Amendment

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002) (citation omitted). Where it is contended that the arrest itself was illegal, it is well-established that if no probable cause authorizes an arrest, any use of force whatsoever to effectuate the unlawful arrest violates the Fourth Amendment. Bashir v. Rockdale County, Ga., 445 F.3d 1323, 1331–33 (11th Cir. 2006). This is true because if an arrest is illegal "there is no basis for any threat or any use of force, and an excessive force claim would *always arise* but only collaterally from the illegal stop or arrest claim." Jackson v. Sauls, 206 F.3d 1156, 1171 (11th Cir. 2000) (emphasis added). Damages for unlawful arrest, therefore, include those for any injury, pain and suffering, and mental anguish caused by the force used to effect the false arrest, regardless of whether the force would have been reasonable or excessive had there been probable cause. Williamson v. Mills, 65 F.3d 155, 158–59 (11th Cir. 1995). Where it is found that no probable cause existed, a claim of the use of excessive force during the arrest is part of the unlawful arrest claim. It is not a separate and discrete claim. *See* Bashir, 445 F.3d at 1332 ("[W]here an excessive force claim is predicated solely on allegations the arresting officer lacked the power to make an arrest, the excessive force claim is entirely derivative of, and is subsumed within, the unlawful arrest claim.") (citation omitted).

If probable cause existed for an arrest, i.e., the arrest was lawful, a discrete claim of excessive force may be asserted. Nonetheless, that the right to make an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it" is well established. Graham v. Connor, 490 U.S. 386, 109 S. Ct. 1865, 1871–72, 104 L. Ed. 2d 443 (1989). The "objective reasonableness" standard governs the determination of whether a constitutional violation occurred during an arrest. Brosseau v. Haugen, 543 U.S. 194, 197, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004) (citations omitted). There are several factors used to determine whether an officer's use of force during a lawful arrest was objectively reasonable, such as: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and

sadistically." Slicker v. Jackson, 215 F.3d 1225, 1233 (11th Cir. 2000) (quoting Leslie v. Ingram, 786 F.3d 1533, 1536 (11th Cir. 1986)). Additionally, the reviewing court should consider "the severity of the crime, whether the suspect posed an immediate threat, and whether the suspect [was] resisting or fleeing." Post v. City of Fort Lauderdale, 7 F.3d 1552, 1559 (11th Cir. 1993) (citation omitted).

<u>Qualified Immunity</u>

"The doctrine of qualified immunity provides that 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Case v. Eslinger, 555 F.3d 1317, 1325 (11th Cir. 2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)). The immunity is not only a defense from personal liability for government officials sued in their individual capacities, but also a defense from suit. *See* Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). On a motion to dismiss, the qualified immunity defense and the Rule 12(b)(6) standard are intertwined. Wooten v. Campbell, 49 F.3d 696, 699 (11th Cir. 1995). Thus, under qualified immunity, a defendant is immune from liability if the complaint fails to state a violation of a "clearly established statutory or constitutional right of which a reasonable person would have known." *Id.* (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed.2d 396 (1982)); *see also* Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (the application of qualified immunity requires a court to engage in a two-part analysis to determine whether the officer's conduct violated a constitutional right and whether that constitutional right was clearly established). Courts are permitted to exercise discretion in determining which of the two prongs of the qualified immunity analysis (i.e., that the defendant violated a constitutional right and that this right was clearly established at the time of the alleged violation) should be addressed first in light of the circumstances in the particular case at hand. Pearson, 129 S. Ct. at 821; Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010).

**Discussion**

Proch contends that DeRoche violated the Fourth Amendment by subjecting him to excessive force. Liberally construing Proch's allegations, as it must, the court considers Proch's claim under two, alternative theories: 1) that the use of any force was excessive because there was no lawful basis to arrest Proch; and 2) that even if the arrest was legal DeRoche's deployment of the taser constituted the use of excessive force.[10]

First, as noted, to the extent Proch's allegations should be read as claiming that DeRoche violated the Fourth Amendment by subjecting Proch to the use of excessive force during an arrest that was not supported by probable cause, any such claim is part of an unlawful arrest claim. *See* Bashir, 445 F.3d at 1332. "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Case, 555 F.3d at 1327 (citation omitted). When determining whether an official is entitled to qualified immunity, however, the issue is not actual probable cause, but only arguable probable cause. Montoute v. Carr, 114 F.3d 181, 184 (11th Cir. 1997). Arguable probable cause to arrest exists if an objectively reasonable officer in the same

---

[10] Before addressing these theories, the court briefly considers a matter not raised in DeRoche's motion: whether Proch's excessive force claim may be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

Under the Heck doctrine, an action under § 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. Absent such an invalidation, the § 1983 suit must be dismissed. *Id.* In assessing whether a § 1983 claim is barred by Heck, the court must consider whether the plaintiff's factual allegations, if proven, would necessarily undermine the validity of his conviction. *See* Edwards v. Balisok, 520 U.S. 641, 646–48, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).

In this case, Proch alleges that he pleaded nolo contendere in state court to the offenses of trespass and resisting arrest without violence. He does not allege that either conviction has been reversed on appeal or otherwise invalidated. Thus, at least based on the latter conviction, Proch's excessive force claim conceivably could be barred by Heck, to the extent his allegations of the use of excessive force, if proven, would necessarily undermine the validity of that conviction. Based on the limited facts presented in the amended complaint, however, the court cannot conclude there is no possibility Proch's claim could not escape a Heck bar. *See, e.g.,* Dyer v. Lee, 488 F.3d 876, 881–82 (11th Cir. 2007) (finding no Heck bar precluding plaintiff who had been convicted of resisting arrest from bringing § 1983 claim for excessive force by police). Accordingly, dismissal pursuant to Heck does not appear to be warranted at this time. The court notes, however, the existence of information regarding the May 2008 incident at issue in this case contained in documents that are part of the federal criminal case against Proch prosecuted in this district, United States v. Proch, Case No. 3:09cr35/MCR (*see* Doc. 7, redacted Affidavit, at 11–12, and Doc. 26, Order of Detention Pending Trial, at 3, n.2). While the court presently takes no position on this matter, arguably that information—if introduced in proper form and admitted into evidence in this case—might be relevant to an assessment of the applicability of Heck and/or the merits of the use of excessive force claim.

Case No.: 3:08cv484/MCR/EMT

circumstances and possessing the same knowledge as the officer effectuating the arrest could have believed that probable cause existed. Case, 555 F.3d at 1327. Whether an arresting officer possesses arguable probable cause depends on the elements of the alleged offense and the facts of the case. Skop v. City of Atlanta, 485 F.3d 1130, 1137 (11th Cir. 2007).

The allegations of the amended complaint support a finding that DeRoche was acting within the scope of his discretionary authority during the incident at issue in this action, thus satisfying the initial requirement that "[t]o invoke qualified immunity, the official first must establish that he was acting within the scope of his discretionary authority" when the alleged violation occurred. Case, 555 F.3d at 1325. The court therefore proceeds to the next step of the analysis, which requires assessing whether the allegations of the amended complaint are sufficient to state the violation of a clearly established constitutional right of which a reasonable person would have known. Wooten, 49 F.3d at 699. Here, the allegations include that Proch came to the apartment door when DeRoche and Collins, responding to a complaint of a verbal disturbance, appeared and asked for him; complied with Collins' instruction to extinguish his cigarette; and turned around as ordered. Proch acknowledges that he did not place his hands behind his back, as DeRoche twice commanded, but states that instead he placed his hands on the foyer wall in front of him. According to Proch, he exhibited no aggression toward the officers or acted in any way that could have been construed as offering active resistance; moreover, according to Proch, DeRoche's written report of the incident attests to the fact that Proch was not behaving in an aggressive manner. As Collins approached to handcuff him, Proch alleges, DeRoche shot him in the back with his taser.

Regardless of the elements of the offenses at issue,[11] <u>under the facts alleged by Proch</u> no objectively reasonable officer in the same circumstances and possessing the same knowledge as DeRoche could have believed that arguable probable cause existed to arrest Proch, essentially for nothing more than the failure to place his hands behind his back when twice ordered to do so. Case,

---

[11] This includes the offenses with which Proch originally was charged and those to which he pleaded nolo contendere, all which offenses Proch identifies in his amended complaint but none of which DeRoche discusses in his motion.

555 F.3d at 1327. The court thus concludes that DeRoche is not entitled to qualified immunity at this early stage of the proceedings on any claim of unlawful arrest involving the use of force.

The court next considers whether DeRoche is entitled to qualified immunity with respect to Proch's claim of the use of force during a lawful arrest. Based on the allegations of the amended complaint, the court concludes that DeRoche's deployment of his taser during the arrest was not objectively reasonable. Proch, although failing to place his hands behind his back as twice directed, turned as ordered and placed his hands on the wall, putting himself in what he describes in the complaint as a submissive posture. While Proch's alleged injuries may not have been extensive, it is not apparent from the facts alleged and circumstances presented that there was a need to deploy a taser at all, even one time. Accordingly, although the facts do not suggest the taser was deployed maliciously or sadistically, absent any apparent need to employ force there would be no relationship between the need and the amount of force actually used. The allegations do not suggest that Proch's "behavior was violent, aggressive, and prolonged" or that he was presenting a "danger to [himself] and others" by resisting or attempting to flee. *See* Mann v. Taser Intern., Inc., 588 F.3d 1291, 1306 (11th Cir. 2009) (holding that use of a taser constituted reasonable force when methamphetamine user's behavior was violent and extended). At the time of Proch's arrest in May 2008, it was clearly established that such force cannot constitutionally be used against a nonthreatening suspect when the alleged crime of the suspect is a minor offense. *See* Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002) (holding that it violates the Fourth Amendment to use pepper spray on an individual suspected of resisting an officer when that individual was not posing a threat). Based on the allegations of the amended complaint, DeRoche used a taser on Proch who, while noncompliant with two orders to place his hands behind his back, was not threatening and, at the time, at most was apparently suspected of being involved in a verbal disturbance. Accordingly, treating Proch's claim as alleging that DeRoche's deployment of the taser constituted the use of excessive force, the court concludes that DeRoche is not entitled to qualified immunity at this time.

**Conclusion**

For all of the foregoing reasons, the court recommends that Defendant Robert D. DeRoche's motion to dismiss pursuant to Fed. R Civ. P. 12(b)(6) be denied.

Accordingly, it is **ORDERED**:

Plaintiff Taurean Xavier Proch's motion for additional time in which to respond to the motion to dismiss (Doc. 46) is **DENIED** as moot.

And it is respectfully **RECOMMENDED**:

That Defendant Robert D. DeRoche's motion to dismiss pursuant to Fed. R Civ. P. 12(b)(6) (Doc. 33) be **DENIED**.

2. That this matter be referred to the undersigned for further proceedings.

**DONE AND ORDERED** this 11th day of March 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (**14**) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**