IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAUREAN XAVIER PROCH,

    Plaintiff,

v.                                             Case No.: 3:08cv484/MCR/EMT

ROBERT R. DeROCHE,

    Defendant.
_____/

**O R D E R**

This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated March 11, 2011. (Doc. 50). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a <u>de novo</u> determination of any timely filed objections.

Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.

Accordingly, it is now **ORDERED** as follows:

1.    The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.[1]

---

[1] Defendant objects to any denial of the motion to dismiss on grounds that the complaint states a claim for unlawful arrest due to a lack of arguable probable cause. The court sustains this objection. The amended complaint does not state a claim for unlawful arrest; it states only a claim based upon "the willful and wanton unnecessary acts of excessive use of force" for acts "committed with deliberate indifference" in violation of the Fourth Amendment and Florida law, and in the fact section of the amended complaint, the plaintiff states that the allegedly excessive Taser use occurred after he placed his hands on the wall instead of placing them behind his back as instructed. However, he also states in the fact section that there were "falsified charges" against him and that he pleaded nolo contendere in state court to offenses of trespass and resisting arrest without violence. Nonetheless, he does not assert that these convictions have been reversed on appeal or otherwise invalidated. Thus, even if the facts, liberally construed, might support a claim of unlawful arrest, such a claim would be *Heck*-barred. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding a claim for damages from harm caused by actions that would necessarily render a sentence or conviction invalid is not cognizable under § 1983 unless the plaintiff can show that his conviction or sentence has been invalidated). In all other respects, the court adopts the report and recommendation.

  2.  Defendant Robert D. DeRoche's motion to dismiss (doc. 33) is **DENIED** pursuant to Fed. R Civ. P. 12(b)(6).

  3.  This matter shall be referred to the assigned magistrate judge for further proceedings.

  **DONE AND ORDERED** this 26th day of May, 2011.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

*Case No: 3:03cv497/MCR/EMT*